## STATE *vs.* DANIEL McCARTHY.

Indictment for breaking into the house of one Jeremiah B. F. Proof that the house belonged to Jedediah B. F.
*Held*, that the indictment could not be amended by changing Jeremiah to Jedediah. The amendment is a matter of substance, and not allowable without the consent of the accused. Pub. Stat. R. I. cap. 248, § 4.

DEFENDANT'S petition for a new trial.

*May* 2, 1891. PER CURIAM. The defendant was indicted in the Court of Common Pleas, at its December Term, 1890, for breaking and entering in the daytime, the house of one *Jeremiah* B. Fuller in Providence, with intent to commit larceny therein. At the trial, the prosecution called as a witness the owner of the dwelling-house, who testified that his name was *Jedediah* B. Fuller. When the case for the prosecution was closed, the defendant moved that the indictment be quashed because of the variance between the allegation as to the name of the owner of the house and the proof submitted. The court overruled the motion to quash, and upon motion of the Attorney General, and against the defendant's objection, permitted the indictment to be amended by striking out the name Jeremiah, and inserting the name Jedediah. The defendant excepted to the rulings of the Court of Common Pleas in the matters stated, and, the jury having returned a verdict of guilty, now petitions for a new trial, upon the ground, among other grounds, that the Court of Common Pleas had no authority to permit the amendment.

We think that a new trial should be granted. The amendment to the indictment, being in a matter of substance, could only properly have been made in the presence of and with the concurrence

of the grand jury; 1 Bishop Criminal Procedure, §§ 707–711; *Ex parte Bain,* 121 U. S. 1; or under Pub. Stat. R. I. cap. 248, § 4, with consent of the accused.                    *Petition granted.*

*Ziba O. Slocum,* Attorney General, for plaintiff.

*S. S. Stone & E. F. Lovejoy,* for defendant.