E. M. ANTLE v. A. B. CRAVEN, Appellant.

Evidence: RELEVANCY AND ADMISSIBILITY: *Criminal conversation.* In an action for damages for criminal conversation with plaintiff's wife, a witness on behalf of plaintiff testified that she saw a man and a woman in the road one night near some willow hedge; that she did not know them; that the woman came towards the town in which plaintiff's wife resided, and that the man went in the other direction; and that defendant's house was on the same side

of the road where the man turned off, but quite a distance from there. *Held*, that the testimony was inadmissible.

MOTION TO STRIKE : *Practice*. The ruling of the lower court, in overruling a motion to strike certain testimony, cannot be justified on the ground that the motion was to strike all the testimony, while some of it was relevant and material, where the portion claimed to be relevant and material was a mere incident of the testimony, and was undisputed.

*Appeal from Jasper District Court.*—HON. BEN MCCOY, Judge.

TUESDAY, OCTOBER 17, 1899.

DAMAGES are claimed in this action for criminal conversation with plaintiff's wife. There was a trial to jury. Verdict and judgment for plaintiff. Defendant appeals.— *Reversed.*

*A. M. Harrah* for appellant.

*H. S. Winslow* for appellee.

WATERMAN, J.—The evidence on plaintiff's part was wholly circumstantial. It consisted of a showing of acquaintanceship, association, and acts of familiarity between defendant and plaintiff's wife, and, finally, of their being found together alone in defendant's store about midnight. Defendant was a merchant in the town of Kellogg, but lived a short distance in the country. A witness, Mrs. Carlson, called by plaintiff, testified as follows: "I live kind of east of Kellogg. I know where Mr. Craven's place is. I sometimes passed it coming to Kellogg. I remember a little bridge on a little creek near Kellogg, on the way to Craven's place. I crossed that bridge going home one evening last fall. I saw a man and woman in the road. I suppose it was somewhere near 7 o'clock. It was dark,—very dark. I saw something pass by my horse's head, and he was so frightened that I had to take care of the

horse. There was a man and a woman. The woman came towards Kellogg, and the man went in the other direction. I had crossed the bridge. The woman had not crossed it when I came to it. She was not running. The man did not run until he turned off the road. I suppose I might have told who the man was if I hadn't had to hold the horse, and didn't look. I couldn't tell whether it was a tall man. I did not particularly notice the size of the woman. She was not fleshy. I could not tell who the parties were, as the horses took my attention so I didn't see them. They were not very far away when I first saw them. There were willows near where I saw them,—willow hedge. The hedge is only on one side of the road. I did not pass the man. He turned off, and went into the willows. Mr. Craven's house is on the same side of the road where the man turned off, but quite a ways further north." Defendant moved to strike this evidence. The motion was overruled.

It needs no argument to show that this testimony, in relation to the conduct of two unknown persons, was inadmisible against defendant. Plaintiff makes no claim that the evidence, if inadmissible, was without prejudice; nor do we see how such a claim could consistently be made, in view of other testimony in the case. It was shown that plaintiff and his wife lived for a time on a street through which defendant passed in going to and from his business. There was evidence that plaintiff's wife, on many occasions, went out in the morning towards defendant's home, and walked with him some distance, on the way to his place of business. There was also testimony tending to show that, on another occasion than the one testified to by Mrs. Carlson, the defendant was seen near the place she speaks of, in company with Mrs. Antle. When the court refused to strike the evidence of Mrs. Carlson, the jury must have felt warranted in considering it, and they could have given it no application which was not prejudicial to defendant. The conduct of these parties was somewhat suspicious. It had no place in the

case, unless the jury could assume that the man and woman seen were defendant and Mrs. Antle. For it to so assume was obviously without justification, for the only evidence relating to this occurrence is what we have set out.

Appellee seeks to justify the court's ruling in this way: The motion was to strike all the testimony of the witness. If any of it was admissible, the motion was properly overruled. It is then insisted that what was said about the bridge, the willow hedge, and the location of defendant's house upon this road was both relevant and material. It is apparent that these facts are but incidents of the witness' testimony. They were mentioned only to give connection to her story, the pith and point of which was her seeing the two people together. The location of the bridge, the hedge, and defendant's house were not disputed facts in the case. As well might it be said that the name of the witness was relevant and material, and, as the motion to strike included the portion of her testimony in which her name was given, the court's ruling should be sustained. Such reasoning does not commend itself to serious consideration.

II. None of the other errors assigned are likely to again arise. They relate principally to misconduct of counsel and of the jury. For the error mentioned, the judgment will be REVERSED.