## STATE vs. NUNZIATA GANCARELLI.

### APRIL 6, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Indictments. Confessions.*

The voluntary confession of a defendant made while under arrest to a police officer having defendant in custody, made without inducement by the expectation of any promised benefit nor by fear of any threatened injury is admissible, although defendant was not cautioned that his statements might be used against him.

*(2) Evidence. Indictments.*

Where defendant voluntarily stated to a police officer ·that he threw away the knife with which he had committed an assault and the knife in his pocket was another one, motion to strike out all answers relative to the latter knife was properly denied, for a portion of the testimony was admissible and defendant was not prejudiced by the production of the knife before the jury nor by the answers relative thereto which were not strictly admissible for it cannot be presumed that any reflection would be made against defendant for the possession of an ordinary pocket knife.

. INDICTMENT. Heard on exceptions of defendant and overruled.

RATHBUN, J.   The defendant was tried in the Superior Court on an indictment charging him with committing an assault with a dangerous weapon, to wit, a knife.   After a verdict of guilty a motion for new trial was denied by the justice who presided at the trial.   The case is before this court on the defendant's exceptions taken in the course of the trial and also on his exception to the refusal of the trial court to grant said motion for a new trial.

Several exceptions were taken to the testimony of the chief of police relative to statements, in the nature of a confession, made by the defendant at the time he was arrested.   These exceptions appear to be based on the erroneous assumption that a voluntary confession of a defendant made, while under arrest, to a police officer having the defendant in custody, is inadmissible unless he had been previously warned that anything which he said might be used at the trial as evidence to establish his guilt.   16

*Corpus Juris,* at 723, states the rule as follows: "In the absence of a statute requiring caution or warning, the fact. that a voluntary confession was made without accused having been cautioned or warned that it might be used against him does not affect its admissibility." The statements attributed to the defendant appear to have been made by him freely and voluntarily, without having been induced by the expectation of any promised benefit nor by the fear of any threatened injury.

The chief of police testified that he asked the defendant whether the knife which he had in his pocket at the time of his arrest was the knife with which he cut Gabrielle and that defendant answered, "No, another one." The same witness testified that defendant said he threw away the knife which cut Gabrielle. Counsel for defendant moved that all answers relative to the knife be stricken from the record for the reason that it did not appear that the knife produced by the witness had any connection with the alleged assault. The motion was denied and an exception was noted. The defendant contends that it was error to deny said motion and that he was prejudiced by the production of the knife in the presence of the jury. A portion of the testimony which the defendant by this motion sought to have stricken from the record was clearly admissible. It was therefore proper to deny the motion. The defendant was not prejudiced by the production of the knife nor by the answers relative thereto, which were not strictly admissible. The knife was an ordinary jacknife and there is no reason for assuming that the sight of such a knife would tend to inflame the minds of the jurors against the defendant. It was no reflection on him to have in his possession such a pocket knife as was produced in court. See *State* v. *Falcone,* 41 R. I. 399.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court for sentence.

*Fred A. Otis, Assistant Attorney General,* for State.
*Charles A. Walsh,* for defendant.