GIUSEPPE COZZANI *vs.* PALMIRO FIORAVANTI.

JUNE 19, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.   This is an action of assumpsit based on a written guaranty.   In the Superior Court the jury returned a verdict for the plaintiff.   No motion for a new trial was made and the case is in this court on defendant's exception to rulings made during the trial.   The plaintiff, who resides in Pietrasanto, Italy, is a dealer in ornamental marbles.   Prior to January, 1925, he dealt with one Storelli, who had a place of business in Woonsocket, in this State.   Storelli, desiring to enlarge his business, informed the plaintiff that he would give a guaranty by one with whom he was going to enter into a partnership.   Subsequently he wrote to the plaintiff enclosing the following document:

"Woonsocket, R. I.

March 17, 1925.

Mr. Guiseppe Cozzani,

Pietrasanta.

I, the undersigned Palmiro Fioravanti, owner of the stores at 604-608 East School St. which go under the name of American and Italian Grocery, declare to be associated with the firm M. R. Storelli and Co. located at 616 East School St., Woonsocket, R. I. and therefore stand as guarantor for said company for the sum of $2000 (two thousand dollars).

For your assurance I wish to inform you that I also own property in Italy, namely in Prato (Tuscany) outside of Porta Pistoiese and also at Galciana near Prato in Tuscany.

All this for your assurance.

Yours very truly,

Palmiro Fioravanti

604-608 East School Street,

Woonsocket, R. I."

The plaintiff's testimony was given by deposition taken in Italy on written interrogatories and the defendant's first exception is to the refusal of the trial justice to strike out the answer to interrogatory No. 6. This answer was in response to an interrogatory asking the plaintiff to state fully his transactions and dealings with M. R. Storelli & Co. The answer as a whole was unobjectionable and the motion was too broad. This exception is overruled.

The only other exception relied upon is the exception to the refusal of the trial justice to direct a verdict in favor of the defendant on the ground that there was no evidence of acceptance of the guaranty by the plaintiff.

As a general rule a guaranty to be binding must be accepted by the guarantee. The reasons for the rule are (1) that no contract is made when the guaranty is in the form of an offer until the offer is accepted and (2) the guarantor is entitled to know whether his offer is accepted so that he may guard against ultimate liability by taking security from the obligor or otherwise protecting himself against loss. Brandt on Suretyship and Guaranty, ¶215 *et seq;* 28 C. J. 902. The rule does not apply in cases where the guaranty is absolute or when there is a valuable consideration moving from the guarantee to the guarantor. Both of these elements are present in the instant case. In the guaranty of the defendant is the statement that he is associated with the firm of M. R. Storelli & Co. It is unnecessary to consider the exact nature of this association although from the record it would appear that there is not much doubt that he was a partner. The extension of credit to the firm with which defendant is associated is a valuable consideration moving from the plaintiff to the defendant. After the recital of his association with the principal obligor, defendant said, "and therefore stand as guarantor for said company." We are of the opinion that the guaranty was absolute and not merely an offer; that there was a valuable consideration moving from the plaintiff to the defendant

and that therefore no acceptance of the guaranty was necessary.  28 C. J. 903, 904.

Defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*James H. Rickard,* for plaintiff.
*Luigi De Pasquale, Frank W. Golemba,* for defendant.