LLOYD NEWCOMER, Appellant, v. JOE AMENT, Appellee.

No. 41145.

APRIL 5, 1932.

Claud M. Smith and James D. F. Smith, for appellant.

Herrick & Ary and Jepson, Struble & Sifford, for appellee.

STEVENS, J.—The parties to this action reside in the same block in Marcus, Iowa. Appellant is engaged in the restaurant business and appellee is the proprietor of a garage. Both are married.

Appellant, as a witness in his own behalf, testified that he is thirty-seven years of age, that he was married in 1917 and has one child twelve years of age. According to his testimony, he heard rumors of illicit relations between appellee and his wife and on several evenings in October and November he concealed himself behind a bush in the vicinity of his home and on each occasion he saw appellee drive past his home and his wife enter the automobile with him; that they drove into the country, returning late at night. The testimony of one other witness tended to show that appellee and appellant's wife met on different occasions on earlier dates in Sioux City; that Mrs. Newcomer visited at the home of the witness, a friend of many years; that appellee and she went riding afternoons and evenings together, and that upon one occasion they went to an apartment house early in the afternoon and remained until evening. The number of visits is not definitely stated, but the inference permissible from the testimony is that they were numerous. No explanation of any of these trips or visits is offered by appellee. On the contrary, they were all denied by him. Appellant's wife was not a witness, did not testify for either party, but it is shown that she left her home prior to the date of the trial. The court overruled the motion of appellee for a directed verdict made at the close of plaintiff's testimony.

The sufficiency of the evidence to sustain a verdict in favor of appellant, if one had been returned, is not particularly challenged on this appeal. Reliance is placed upon error in the court's charge to the jury. We quote the material portion of the charge:

"Par. 6. You are instructed therefore that if the plaintiff

has proved to you by a preponderance of the evidence, the burden being upon him so to prove that at all the times in controversy in this action, the plaintiff and Irene Newcomer were husband and wife, and that such fact was at all times known to the defendant, Joe Ament, and that on or about the 30th day of October, 1930, or at any time thereafter, the defendant, Joe Ament, did in fact have sexual intercourse with the said Irene Newcomer, then the plaintiff is entitled to recover herein, and in that event you should return your verdict in his favor.''

The petition in this case charged illicit relations between the defendant and appellant's wife at various times and places within two years last past. The several visits observed by appellant were in the last days of October. The relationships which the evidence tended to establish between the parties in Sioux City occurred as early as July. The instruction limited the acts to those occurring on or about October 30th and thereafter. The term ''on or about'' does not have a precise meaning, and when it refers to time, permits some variation. In such case, it means approximately or reasonably near the date fixed. The phrase is not, however, in such case, susceptible of wide divergence or variation. Bocus v. Waldmann, 160 Pac. (Cal.) 180; Passow & Sons v. Harris, 156 Pac. (Cal.) 997; Texas & N. O. R. R. Co. v. Weems, 184 S. W. (Tex.) 1103. No date in July is ''on or about'' the last days of October. Had the jury believed the testimony as to the relationships referred to in the testimony in Sioux City several months prior to October 30th and that the acts were not repeated ''on or about October 30th,'' a verdict for the plaintiff could not have been returned under the foregoing instruction. The use of the word ''thereafter'' in the instruction both emphasizes the date and narrows the permissible variation in the date. It may be that if the jury had believed that acts of sexual intercourse occurred in Sioux City in July, the conclusion that the same relationships existed in October would probably follow under the circumstances shown in the testimony; nevertheless, the court cannot say that the more technical aspects of the instruction would not have been observed with a contrary result. The jury may well have understood from the instruction that only acts occurring on or about October 30th and thereafter would justify a verdict in favor of plaintiff. The instruc-

tion, standing alone, is clearly erroneous. It is urged by appellee that the succeeding paragraph of the charge fully and clearly cured the error. The succeeding portion of the charge goes no further than to instruct the jury that all facts and circumstances shown in evidence might be considered for the purpose of determining whether any adulterous relations existed between the parties. It did not, as argued by appellant, withdraw any part of the evidence from the jury, but it did specially limit the right of recovery to illicit acts occurring on or about October 30th, or thereafter. The gravamen of the cause of action is adultery. The action is not to recover damages for the alienation of affections. Antle v. Craven, 109 Iowa 346; Wood v. Mathews, 47 Iowa 409; Ruby v. Lawson, 182 Iowa 1156. The jury should have been instructed to return a verdict for appellant if the evidence established that adulterous relations were shown between the parties either prior or subsequent to October 30th.

We are not in this opinion concerned with the weight or credibility of the evidence. The error in the instruction was not cured by anything that followed, and it clearly cannot be said that it was without prejudice. It follows that the judgment must be and it is—Reversed.

WAGNER, C. J., and FAVILLE, DE GRAFF, and ALBERT, JJ., concur.