THE BELL COMPANY OF R. I. *vs.* LOUIS T. COTE, *City Assessor.*

JUNE 21, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This petition was brought under general laws 1938, chapter 31, §14, on the ground that the petitioner's real estate, mill property in the city of Woonsocket, on December 31, 1953 was assessed at a value in excess of the value at which it was assessed on the last preceding assessment day, and that said real estate was, on December 31, 1953, assessed at a value in excess of its full and fair cash value on that day.

The case was heard in the superior court by a justice thereof who rendered a decision for petitioner in an amount which is correct on the valuation which he placed upon the property. The respondent excepted to this decision and the case is here on that exception and two others taken during the course of the hearing. The facts will sufficiently appear in connection with our consideration of the exceptions.

The first exception is to the refusal of the trial justice to strike out certain testimony of John B. Carpenter, petitioner's real estate expert, as to sales in 1952 and 1954 of four other mill properties in Woonsocket. The respondent moved to strike this testimony on the ground that there was no evidence that these sales or any of them were sales in a fair market between a willing seller and a willing buyer. Evidence of the voluntary nature of a sale is often furnished by other witnesses, and later in the hearing this witness furnished such evidence. The evidence sought to be stricken was admitted without objection. *McGarrity* v. *N.Y., N.H. & H. R.R.,* 25 R. I. 269, 274. The first exception is overruled.

The second exception is to the ruling of the trial justice denying respondent's motion to strike out the testimony of Mr. Carpenter as to the price paid by petitioner for the property in 1933. This statement was in response to questions which were not objected to. See *McGarrity* v. *N.Y., N.H. & H. R.R., supra.* This exception is overruled.

The last exception is to the decision itself. While the respondent does not question the correctness of the decisions of this court which hold that the statutory phrase "full and fair cash value" means "fair market value," he advances the theory that since, as he claims, there was a depression in textile property in Woonsocket in the years 1952 and 1953 the proper test in such years is the fair market value under *normal* conditions.

Two of respondent's witnesses testified as to the market

for textile property in Woonsocket. One was Martin D. Miller, who came to Woonsocket from Chicago in the fall of 1953 to make a revaluation of the ratable property in that city such as has been made in several other municipalities in recent years. Mr. Miller stated that he believed the sales concerning which Mr. Carpenter testified, and which were discussed under the first exception, had a "tinge of distress." The other witness on this point was James C. Winn, executive secretary of the Woonsocket Chamber of Commerce and secretary of the Woonsocket Association of Manufacturers. This witness testified that at the time in question "A few properties [were] being liquidated in each of these years, I wouldn't say an unusually large number."

The substance of Mr. Carpenter's testimony as to the sales in question was that they were not forced sales but were in a fair market between a willing buyer and a willing seller. The trial justice in his rescript pointed out the conflict between Mr. Carpenter's testimony and that of respondent's witnesses as to the state of the market at that time, and his decision shows he accepted Mr. Carpenter's testimony on this point. Considering the weak evidence of respondent discussed above, it cannot be said that the trial justice was clearly wrong in so doing. It further appeared that three out of these four sales occurred in 1954 and only one occurred in the two years (1952 and 1953) which respondent claimed were depression years.

In view of what we have said about the evidence of market conditions in 1952 and 1953, it is unnecessary for us to consider the claim that in a depression property should be valued at its fair market value under normal conditions. However, respondent offered no evidence as to the value of this property under normal conditions. Neither he nor his counsel suggested any test for determining what are "normal conditions." See Nichols, Taxation in Massachusetts (3d ed.), p. 306.

The respondent also argues that Mr. Carpenter's opinion

was based solely on the sales to which he referred and that if, as respondent claims, those sales were depression sales, his testimony should not have been accepted. As we have pointed out, there was a conflict as to whether these were depression sales and there was at least substantial evidence that they were not. Furthermore, it appears that Mr. Carpenter, who had been in the real estate business between fifty and sixty years, was entirely familiar with real estate values in the area, and the trial justice may well have interpreted his opinion as that of an expert and not as being based solely on these sales. The sales were independent evidence of value. That these two types of evidence are distinct has been recognized by this court. *Aspegren* v. *Tax Assessors*, R. I., 125 Atl. 213, a case cited by both parties.

Finally, respondent claims that the concluding language of the decision of the trial justice shows that he felt bound, as a matter of law, to take Mr. Carpenter's figures and that he did so without exercising his independent judgment. The language referred to is: "Upon the evidence the Court feels constrained to adopt Mr. Carpenter's values as representing the full and fair cash values on the properties in question." The respondent did not call any real estate expert who was familiar with local conditions. While Mr. Miller had made appraisals for several years in valuation surveys such as he was conducting in Woonsocket, he had no firsthand knowledge of local values, and he fixed the value thereof upon a general formula in which replacement costs play an important role. As to the use of replacement costs, see *Hervey* v. *City of Providence*, 47 R. I. 378, cited in *Ashton* v. *Tax Assessors*, 60 R. I. 388, 398. The respondent had taken a course in tax appraising, but there was no evidence qualifying him to give an expert opinion as to the value of this property.

It thus appears that Mr. Carpenter was the only witness who could fairly be said to be qualified to give such an opinion on the fair market value of this property and that may

well have been what the trial justice meant when he used the word "constrained." Again, assuming that the use of the word "constrained" indicates reluctance on the part of the trial justice to fix the value of the property at Mr. Carpenter's figure, his words "Upon the evidence" show that the evidence furnished him no basis for increasing that figure. While it is true that expert opinion is not controlling, we know of no rule which says that where the trier of the facts believes that an expert's opinion is correct he cannot adopt it as his own.

All of the respondent's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Letts & Quinn, A. Peter Quinn, Jr.,* for petitioner.

*Israel Rabinovitz,* City Solicitor, for respondent.