STATE *vs.* JOHN W. MERRITT.

JULY 12, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J.  This is a criminal complaint which charges the defendant with taking shellfish from a polluted area. After a trial in the superior court the jury found him guilty and the trial justice thereafter denied his motion for a new trial.  The case is here on the defendant's bill of exceptions containing an exception to such decision and several others hereinafter more particularly identified.

The defendant made no claim before us that he was not shellfishing in the designated area.  Consequently it is not

necessary to discuss the evidence on that point. However, reference will be made to portions of the evidence in connection with the specific exceptions which, as stated by defendant's counsel, revolve around the question of pollution.

The defendant filed, under one cover, a motion to quash, a motion to dismiss, and a demurrer. Just before the trial actually started the trial justice heard and denied the motions and overruled the demurrer.

The first exception is to the overruling of the demurrer. The ground for demurrer is that since there was no allegation in the complaint that the area in question had been declared to be polluted it did not allege an offense as provided in the statute.

The charging part of the complaint reads: "John W. Merritt * * * Did take shellfish other than scallops, to wit, quahaugs, from a polluted area, to wit Providence river approximately 50 yards northeast of Sabin Point light, in the Town of East Providence In violation of Section 4 Chapter 234 General Laws of 1938 as amended." ·

The pertinent parts of said sec. 4, as amended, read:

"The director shall investigate the sanitary condition of the waters overlying shellfish grounds. Those waters that are found to be in an unsatisfactory sanitary condition for the taking of shellfish for human consumption shall be declared to be polluted areas. The director shall give notice that he has declared any area to be polluted by advertising his action in at least one public newspaper published in the city of Providence.

In making a determination that an area is polluted, the director shall take into consideration one or more of the following matters as they apply: the volume of sewage that may affect the area; the dilution of such sewage by clean water; the distance of the area from sources of pollution; whether or not the median 'most probable number' of coliform bacteria found upon examining the water from the area under different tidal conditions exceeds the maximum allowable of 70 per 100 mililiters of water, the most probable number

having been determined according to reprint No. 1621 public health reports, United States public health service 1947. The director may declare an area to be polluted in the absence of a median 'most probable number' of coliforms in excess of 70 per 100 mililiters if he has evidence that significant volumes of fresh raw sewage or inadequately purified sewage may reach the area intermittently. * * *

No person shall take shellfish from the waters of polluted areas * * *."

Accepting defendant's claim in his demurrer "that it is a crime to take shellfish from an area *declared* to be polluted by the director of health or agriculture and conservation, without regard to the actual state of the waters at the time of the offense as alleged," we are of the opinion that the demurrer was properly overruled. (italics ours) The charge is made in the language of the statute, a practice approved in general laws 1938, chapter 625, §3. The last paragraph of clause 4 of §3 reads: "The indictment or complaint may refer to a section or sub-section of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or complaint regard shall be had for such reference." When the words "from a polluted area" in the complaint are so read it is clear that they are there used in the sense appearing in the statute which was specifically referred to. Exception numbered 1 is overruled.

Exception 2 is to the denial of the motion to quash. It has long been settled in this jurisdiction that the granting or denial of such a motion is in the discretion of the trial justice. *State* v. *Watson,* 20 R. I. 354, 360; *State* v. *Douglas,* 78 R. I. 60, 62. Here no abuse of that discretion has been shown. Exception 2 is overruled.

Exceptions 3 and 4 are to the admission, over defendant's objection, of state's exhibits 2 and 3. The state proceeded to lay the foundation for its case by offering exhibit 2, a map published by the department of health entitled: "Polluted Shellfish Areas March 1954." The map is of the whole

state and the areas declared to be polluted are shown in red. On the back of this map is a description of these areas and on the top thereof is the following notice: "In accordance with the provisions of Chapter 2039 of the Public Laws of 1948, it is declared that the tidal waters of Rhode Island hereinafter described are polluted and unfit for the production of shellfish for human consumption. Persons taking shellfish from said waters will be prosecuted in accordance with the provisions of the aforementioned chapter."

It later appeared in evidence that all licensees—and the defendant was one—had been furnished with a copy of this exhibit. Exhibit 4, which was admitted without objection, is a newspaper advertisement and is a copy of state's exhibit 3, the notice of polluted areas. Such advertisement was required as notice by the first paragraph of said sec. 4 above quoted. From all this we are of the opinion that it was necessary for the state to prove the above-mentioned declaration and advertisement prescribed by statute, and therefore exceptions 3 and 4 are overruled.

Exception 7 is to the ruling of the trial justice denying defendant's motion to strike all evidence relative to the polluted area. The state put the above exhibits in evidence through its sanitary engineer and that is substantially all that he was examined upon in direct. The defendant then proceeded to cross-examine him at great length and, among other things, brought out that every month the department sampled the contributing waters discharging pollution into the general area and that a sampling was made of the contributing waters in the area in question one month prior to the date of the offense. He also brought out that such area had a bacteria count in excess of that allowed by the public health service standard and that this was the case on the date the offense was charged to have been committed.

A party cannot move to strike evidence that he himself has brought out. See *Lewis* v. *Shiffers*, D. C. Mun. App.,

67 A.2d 269, 272, and cases therein cited. At any rate the motion was obviously too broad and it is not the duty of the court to separate the admissible from the objectionable. Consequently the motion was properly denied. *State* v. *Gancarelli*, 43 R. I. 374, 375. *Cozzani* v. *Fioravanti*, 51 R. I. 433, 435. 88 C.J.S., Trial, §143, p. 286. Exception 7 is overruled.

Exceptions 9, 10, 13 and 14, the nature of which will sufficiently appear in our present discussion, can be considered together. The defendant offered, apparently for exhibition or experiment, some "little necks" taken in the area during the trial, which was about two months after the date the offense was alleged to have been committed. He also offered for future analysis some quahaugs taken by the officers which they alleged had been dumped by defendant at the time of the offense. The defendant asked that he be allowed to eat certain of this shellfish to see if they were toxic, and he wanted a month's continuance to see what the result of the experiment would be. Even if we assume the proposed experiments would prove anything material, defendant should have made them in advance of the trial, and it was wholly unreasonable to ask that a jury trial be recessed for so long a time and for such a purpose. In any event, under the complaint it was not a question of taking polluted shellfish but of taking shellfish from a polluted area. The court was fully justified in making the rulings under consideration and exceptions 9, 10, 13 and 14 are overruled.

Exception 15 is to the denial of defendant's motion for a new trial. The motion was on the usual grounds that the verdict was against the law, against the evidence, and against the law, the evidence and the weight thereof. The defendant took no exception to the charge as delivered and it is the law of the case. The main instruction was to the effect that the state was bound to prove pollution at the time and place stated in the complaint. The defendant in

his argument stated that there was no evidence to satisfy that charge. We again point out that, in addition to receiving a more favorable charge than he was entitled to, defendant himself brought out the evidence that the area was polluted at the time alleged. Moreover, in any event the complaint here charged him with taking shellfish from a polluted area. Exception 15 is overruled.

The defendant expressly waived exceptions numbered 5, 6, 8, 11 and 12, and since he has neither briefed nor argued exception 16 it is deemed to be waived.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers*, Atty. Gen., *John F. O'Connell*, Special Counsel, for State.

*Aram K. Berberian*, for defendant.