FRANCIS YOUNG *vs.* NEW ENGLAND TRANSPORTATION COMPANY.

APRIL 1, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This is an employee's petition brought under G. L. 1956, §28-35-45, for a review of a preliminary agreement dated June 7, 1956 pursuant to which the petitioner, who had an injury described as a "left ulcerated shin," received compensation payments for total disability. The case was heard by a trial commissioner who denied and dismissed the petition and found that the petitioner had failed to prove by a fair preponderance of the credible evidence that his incapacity to work subsequent to July 20, 1962 was

due to the injury which he sustained on May 14, 1956. The cause is before this court on the employee's appeal from the decree of the full commission affirming the decree of the trial commissioner.

The material facts are that petitioner returned to work for respondent shortly after his original injury in 1956 and that when he again experienced difficulty with his left leg in July 1962 he ceased working. In due course he was treated by Dr. Harry Kechijian, who testified that petitioner was suffering from a recurrent ulcer caused by the nature of his then duties as a freight checker and handler which required him to be on his feet for extended periods of time. This testimony was rejected by the commission. Instead it accepted and based its decision on that of Dr. Lester L. Vargas who examined petitioner on behalf of respondent. He testified that in his opinion the ulcerous condition was not causally connected to the injury of May 14, 1956 but had developed "as part of a natural history" of petitioner's varicose veins.

If the only issue before us were the correctness of the resolution by the commission in respondent's favor of the conflicting evidence as to causation, we would apply our well-settled rule and not weigh the evidence upon which the commission based its decision. The petitioner, however, contends that the opinion of Dr. Vargas was based on evidence not properly before the trial commissioner and that therefore there was no evidence of probative force to support the decree appealed from.

The facts upon which this contention is based are that during the cross-examination of Dr. Vargas it developed that he had reviewed a "rather substantial file of reports dating back to that period of time [1956]," including a medical report of Dr. Edmund B. Curran who had examined petitioner in 1956 at respondent's request and a copy of a hospital record from the McAlpine Hospital covering petitioner's admission in 1956. Neither that report nor that

502

record is in evidence, and although Dr. Curran testified in person the record is barren of anything which would indicate identity between his oral testimony and the written report upon which Dr. Vargas relied.

The questions then become whether the opinion of Dr. Vargas upon which the finding of the commission rests was properly before the trial commissioner and, if not, whether petitioner's motion to strike his testimony was improperly denied.

It will conduce to a better understanding of the case if we set out in detail those portions of Dr. Vargas' testimony elicited on cross-examination wherein he referred to the bases upon which he rested his opinion: "Q. Would you be good enough to tell us what reports you used in basing your opinion on? A. There was a report signed by Dr. Edmund B. Curran. * * * Dated May 24, 1956. Q. * * * You used this report in arriving at your opinion, is that correct, among others? A. * * * Yes. * * * Q. Did you use any other reports, Doctor, in arriving at your opinion? A. I looked over the entire, — I don't recall any specific data from any individual report. I based my opinion merely on the collective evaluation of all of them. Q. In other words, — what other factors or reports did you take into consideration besides Dr. Curran's report? A. Dr. Curran's and the report from the McAlpine Hospital. * * * Q. And these all form the basis or parts for the basis for the whole of your opinion, is that correct? A. Yes."

On his testimony as quoted it cannot be said that Dr. Vargas' opinion as to the causation of the ulcerous condition was arrived at independently of the report of Dr. Curran and the record of the McAlpine Hospital or that its factual bases were confined to his examination of and the history given him by petitioner. Nor is it possible, however closely that testimony is scrutinized, to separate or distinguish what portion of that opinion is premised on the recorded data and what founded on his personal examina-

tion. Any attempt so to fragmentize that opinion would constitute an indulgence in speculation, and this we cannot do.

In our opinion, therefore, the testimony of Dr. Vargas on the ultimate issue before the commission was inadmissible because an expert may not give an opinion when the circumstances upon which it rests have not been supplied as facts in the case by competent testimony. *Souza* v. *United Elec. Rys.*, 51 R. I. 124, 127; *Eastman* v. *Dunn*, 34 R. I. 416, 461.

We come now to petitioner's contention that it was error to deny his motion to strike *all* of Dr. Vargas' testimony. Preliminarily, however, we must first determine whether petitioner's failure to object to all of the questions as to causation constituted grounds for the denial of his motion to strike because of the general rule that a motion to strike is not appropriate when the testimony to which it is directed has been in response to questions not objected to. *Bell Co.* v. *Cote,* 84 R. I. 284; *McGarrity* v. *N. Y., N. H. & H. R. R.,* 25 R. I. 269, 274. That rule, however, does not apply where the evidence moved to be stricken although apparently proper when admitted is subsequently shown to be objectionable. *Jackson* v. *Curtiss-Wright Airplane Co.*, 334 Mo. 805; *State* v. *Cain,* Mo., 37 S.W.2d 416; *Neddermeyer* v. *Crawford County,* 190 Iowa 883. Nor does it apply where that evidence was conditionally admitted on the assumption by the trial tribunal that there would later in the proceedings be further evidence offered which would make unobjectionable that which was originally objectionable. See *Bell Co.* v. *Cote, supra.*

At the outset of the direct examination of Dr. Vargas, when it appeared that his testimony as to medical history might be based not only on his examination of petitioner but also on his perusal of previous data submitted to him, petitioner moved that such testimony be limited to the history which he gave to the doctor. That motion was over-

504

ruled, the trial commissioner observing that these were matters which could be pursued on cross-examination.

That action can only be construed as being the equivalent of a holding that the doctor's testimony would be admitted on direct examination, subject, however, to a review of the ruling if on cross-examination it should appear that it was objectionable. Moreover, it did not become clear that Dr. Vargas' testimony was objectionable until the portion of his testimony which we have quoted was of record and petitioner's motion to strike made at that time was not untimely.

The respondent argues, however, that it was not error to deny petitioner's motion to strike *all* of Dr. Vargas' testimony because the motion was too broad and imposed upon the commissioner a duty to separate the admissible from the objectionable. While the principle urged by respondent is well settled, *State* v. *Merritt,* 84 R. I. 313, 318, *Cozzani* v. *Fioravanti,* 51 R. I. 433, 435, and *State* v. *Gancarelli,* 43 R. I. 374, 375, it is also well settled that the generality of a motion to strike is not a sufficient reason for its denial where the only admissible portion of the testimony is uncontroverted and a mere incident of the whole, or is merely preliminary to the ultimate inadmissible testimony. *Pierce County ex rel. Bellingham* v. *Duffy,* 104 Wash. 426; *Antle* v. *Craven,* 109 Iowa 346.

In this case the direct examination of Dr. Vargas consists in substantial portion of his identification and relation to the case as well as of colloquies between counsel and the commissioner. Although the motion to strike covered all the testimony of Dr. Vargas and was not directed to his several responses which related to causation, what remains once those responses are removed relates only to his identity with the case and to matters prefatory or incidental to his opinion. As such it does no more than to give connection to his story. The inclusion of the uncontroverted preparatory and collateral testimony in the motion to strike

did not make it susceptible to the general rule for the reason that those matters had no relevance except as they were associated with and supportive of the objectionable testimony. In those circumstances the exception to the rule, rather than the rule, applied and it was error to deny the motion to strike.

The commission based its denial of the petition on the testimony of Dr. Vargas. With that testimony stricken, there is no legal evidence to support the finding that the petitioner failed to establish by a fair preponderance of the credible evidence that his incapacity for work subsequent to July 20, 1962 was due to his injury on May 14, 1956 and the decree appealed from should be reversed. *Berkshire Fine Spinning Associates, Inc.* v. *Label,* 74 R. I. 6, 12.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission with direction to enter a new decree in accordance with this opinion and for further proceedings.

ON MOTION FOR REARGUMENT.

APRIL 14, 1964.

PER CURIAM. After our decision in the above cause was filed the respondent asked for and received permission to present a motion for leave to reargue. Pursuant thereto it has filed such a motion stating therein certain reasons on which it bases its contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Edward I. Friedman, Howard I. Lipsey,* for petitioner.

*William J. Carlos,* for respondent.