*Aram K. Berberian,* for defendant.

---

300 A.2d 256.

STATE *vs.* STEVEN P. CARLONE.

STATE *vs.* STEVEN P. CARLONE.

STATE *vs.* ROBERT A. DE SIMONE.

STATE *vs.* ROBERT A. DE SIMONE.

FEBRUARY 15, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. These cases are here on the state's exceptions to certain rulings by a justice of the Superior Court. They were heard together in the Superior Court and, on appeal, in this court. Since the issues are the same in each case, we shall refer only to State v. Steven P. Carlone, but our conclusions shall apply equally to all the cases.

The defendant was secretly indicted by the grand jury without a probable cause hearing in the District Court. Indictment No. 70-252 charged him with unlawful sale of cannabis to a person under the age of twenty-one years in violation of G. L. 1956 (1968 Reenactment) §21-28-32. Indictment No. 70-253 charged him with possession of cannabis in violation of G. L. 1956 (1968 Reenactment) §21-28-31. Both offenses allegedly occurred on October 27, 1969.

The indictments were filed in the Superior Court on May 7, 1970, and superseded the complaints and warrants issued upon complaint by the Providence police on October 28, 1969. Before the indictments were returned a justice of the District Court, on January 22, 1970, granted defendant's motion to inspect the substance seized by the Provi-

dence police on the ground that it was not cannabis, but catnip.

The case came before a justice of the Superior Court on December 16, 1970. At a pretrial conference he was shown a report of defendant's expert describing the composition of the substance involved. Based on this report he concluded that " * * * if any marijuana was present, it was in an infinitesimal amount * * *." The trial justice then, on his own motion, with the consent of defendant and over the objection of the state, amended the unlawful sales charge to a misdemeanor, namely, to the charge of obtaining money under five hundred dollars by false pretenses, and dismissed the possession charge.[1]

The defendant pleaded nolo to the reduced charge and was placed on probation for one year. The state objected to the amendment and excepted to the dismissal of the possession indictment.

## I

We consider first the question whether the Superior Court has the authority to amend an indictment charging unlawful sale of a narcotic drug to a minor, to a misdemeanor charging obtaining money under five hundred dollars by false pretenses. For the reasons which follow we hold that the Superior Court exceeded its authority.

At common law courts were without authority to amend indictments. The only way to amend was to reconvene the grand jury that returned the indictment. *State* v.

---

[1]In taking such action the trial justice said:

"I realize that the Attorney General would prefer to go to trial on these indictments, and I am taking the initiative as to what I would consider the pragmatic thing to do today. This trial would probably occupy one of our courts for four or five days, and as I recall the report which has been prepared by the defense toxicologist, there is the presence of a number of other substances, which would indicate, if any marijuana was present, it was in an infinitesimal amount * * *."

*Child,* 158 Me. 242, 182 A.2d 675 (1962). In *State* v. *Mc-Carthy,* 17 R. I. 370, 22 A. 282 (1891), the court held that a substantive amendment to an indictment could be made only in the presence of and with the consent of the grand jury, or under Pub. Stat. R. I. 1891, ch. 248, sec. 4, the precursor of G. L. 1956 (1969 Reenactment) §12-12-4, with the consent of the accused. In *State* v. *Davis,* 39 R. I. 276, 289-90, 97 A. 818, 823 (1916), the court said that an indictment could be amended only by the grand jury which returned it, or with the consent of the accused under what is now §12-12-4.[2] *See Picillo* v. *Sharkey,* 107 R. I. 147, 149-51, 265 A.2d 644, 645-46 (1970).

The precise question before us is whether the Legislature in enacting §12-12-4 intended to allow the Superior Court to do what the trial justice did here. The relevant language in §12-12-4 is " * * * any defect or want of substance in any indictment may be amended and supplied with the consent of the accused." The trial justice's action in changing an indictment charging unlawful sale of marijuana to a charge of obtaining money under five hundred dollars by false pretenses is not one to amend a "defect" or supply a "want of substance." His action changed the offense found by the grand jury, as charged in the indictment, to an entirely different offense. There is nothing in the language of §12-12-4 which either directly or by necessary implication can be construed to authorize the Superior Court to change a grand jury indictment by substituting a different offense. We recognize the motives which prompted the trial justice to do what he did and appreciate his desire to expedite the

---

[2]General Laws 1956 (1969 Reenactment) §12-12-4 reads as follows:
"Amendment of process to supply defects.—Any defect or want of substance in any complaint or criminal process, other than an indictment, may be amended and supplied in the discretion of the court and the accused shall plead to such amended complaint or process, and any defect or want of substance in any indictment may be amended and supplied with the consent of the accused."

work of the Superior Court. However, here we are confronted with a question of whether he had the authority under §12-12-4 to do what he did. For the reasons which we have stated above we hold that the Legislature did not intend, in enacting §12-12-4, to vest the Superior Court with the power to amend an indictment by substituting a different offense, and, consequently, we conclude that the trial justice exceeded his authority in changing the offense as he did. *Commonwealth* v. *Adams,* 92 Ky. 134, 17 S.W. 276 (1891).

Rule 7(e)[3] of the new Rules of Criminal Procedure of the Rhode Island Superior Court, cited by defendant, is of no help to him because it did not become effective until 1972 and therefore requires no further discussion. Nor is *Picillo* v. *Sharkey, supra,* of any help to defendant. That case involved a change of name in the indictment. In *Picillo* the indictment was amended by changing the name of the defendant from Raymond Edward Picillo to Warren Vincent Picillo after the defendant consented to such amendment. In denying the petitioner's petition for habeas we held that Picillo's consent to the amendment was effective under §12-12-4. As can be readily seen the facts in *Picillo* are substantially different from those in the case at bar. *Picillo* did not involve the substitution of a different offense, it merely involved a correction of the name of the defendant with his consent.

———
[3]The new rules became effective on September 1, 1972. Rule 7(e) reads as follows:

"Amendment of Indictment or Complaint. At any time prior to verdict or finding, the court may with the consent of the defendant permit the indictment to be amended to correct an error in form or the description of the offense intended to be charged or to charge a lesser included offense. The court may permit a complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

162

In *Picillo, supra,* we held that the accused's election to proceed with the trial constituted a waiver of indictment under §12-12-19. The defendant here contends that the ruling in *Picillo* on the question of waiver should apply similarly to the case at bar. We do not agree. The offense involved in *Picillo* was an indictable offense. Section 12-12-19,[4] as well as rule 7(b)[5] of the new Superior Court Rules of Criminal Procedure, relate to indictable offenses. The offense involved in the case at bar, obtaining money under five hundred dollars by false pretenses, is a misdemeanor, not an indictable offense. General Laws 1956 (1969 Reenactment) §11-1-2, as amended by P. L. 1971, ch. 115, sec. 1.

## II

We come now to the state's argument that the trial justice abused his discretion when he dismissed the indictment charging unlawful possession of a narcotic drug. It is true, as both the state and defendant point out, that the granting or denying of a motion to quash an indictment is in the

---

[4]Section 12-12-19 reads as follows:

"Waiver of indictment and plea of guilty.—Whenever any person shall have been bound over to the superior court by a district court upon a complaint charging him with any offense other than murder, which is not within the jurisdiction of said district court to try and determine, such person may, with the leave of the superior court to which he is so bound over, waive the finding and filing of an indictment of a grand jury against him for said offense and with such leave such person may plead guilty, not guilty or nolo contendere and thereafter all proceedings shall be taken and had in the same manner as would have been the case had such pleas been entered to an indictment regularly found and filed."

[5]Rule 7(b) reads as follows:

"Waiver of Indictment. With leave of the Superior Court, any offense other than one punishable by death or by a mandatory term of life imprisonment may be prosecuted by complaint if the defendant, after he has been advised of the nature of the charge and of his rights, waives in writing and in open court prosecution by indictment."

discretion of the trial justice. *State* v. *Reardon,* 101 R. I. 18, 21, 219 A.2d 767, 769 (1966). But there is a material difference between a motion to quash an indictment and a motion to dismiss. Generally speaking a motion to quash is based on a defect in the indictment. *See State* v. *Reardon, supra; see also State* v. *Merritt,* 84 R. I. 313, 124 A.2d 540 (1956). There is no claim here that the indictment was defective. The trial justice did not quash the indictment because of any alleged defect; rather he expressly stated that he dismissed the indictment because it was the "pragmatic thing to do" because of the contents of defendant's expert's report.

The defendant has cited no authority, nor have we found any, which supports the proposition that the Superior Court has any authority to dismiss an indictment sua sponte in the absence of a showing that there is no legal evidence to support the indictment. *See State* v. *Crough,* 89 R. I. 338, 351, 152 A.2d 644, 651 (1959).

As we said in *State* v. *Crough, supra* at 351, 152 A.2d at 651:

> "In the absence of evidence to the contrary, it must be assumed that the grand jury did their duty and returned the indictment on the basis of competent evidence according to law."

The state was entitled to an opportunity to present its evidence to the court for its determination according to law. In view of our conclusion, *State* v. *Fortes,* 110 R. I. 406, 293 A.2d 506 (1972) and *State* v. *Gilman,* 110 R. I. 207, 291 A.2d 425 (1972), require no discussion at this time. For the reasons stated we conclude that the trial justice exceeded his authority in dismissing the indictment.

The state's exceptions in each case are sustained and each case is remitted to the Superior Court for further proceedings.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Doris did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Harold Jooveligian,* Special Asst. Attorney General, for plaintiff.

*Tillinghast, Collins & Graham, Edwin H. Hastings, Peter J. McGinn,* for defendants.