404 A.2d 75.

CATHERINE ROSAKI *vs.* SCHOOL HOUSE CANDY COMPANY.

JULY 25, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J. In this workers' compensation proceeding the employee, who sustained a compensable injury in 1973, petitions to review and alleges a return of total incapacity. The only witnesses to testify before the trial commissioner were the employee; her attending physician, Dr. Howard S. Sturim; and a medical librarian who authenticated certain hospital records. On the basis of their testimony the commissioner found for the employee. The employer appealed to the full commission which found as a fact that Dr. Sturim's opinion stating that the employee's total incapacity related back to the 1973 injury was based not only upon his own observations, but also upon medical reports that were not in evidence. It held that to admit such testimony was error; that the trial commissioner should have stricken it; and that without that testimony there was insufficient competent evidence to support the trial commissioner's finding that the employee had suffered a recurrence of incapacity traceable to her 1973 injury. From a decree embodying those findings and conclusions, the employee appealed to this court.

The dispositive question here is whether *Young v. New England Transportation Co.*, 97 R.I. 499, 199 A.2d 300 (1964), governs. In that case the Workers' Compensation Commission, in finding that the employee had not established that his present disability was due to a prior compensable injury, relied on the testimony of Dr. Lester L. Vargas, who had examined the worker on the employer's behalf. The doctor was called by the employer as a forensic expert, rather than as an attending physician, and he testified that his opinion stating that the recurring disability was not traceable to the original incapacity was based upon his own personal examination of the employee and a collective evaluation of certain medical reports not in evidence. In those circumstances we held that it was improper to permit Dr. Vargas to state an opinon that was derived in part from facts not in the record when he stated his opinion. *Id.* at 503, 199 A.2d at 302.

Although not extensively articulated in the *Young* case, the essential objection to permitting an expert to offer an opinion on the basis of reports that are not in evidence

> "seems to be that the [factfinder] is asked to accept as evidence the witness' inference, based upon someone's hearsay assertion of a fact which is, presumably, not supported by any evidence at the trial and which therefore the [factfinder] has no basis for finding to be true." McCormick, Evidence §15 at 34 (2d ed. 1972).

The circumstances under which Dr. Sturim testified in this case and Dr. Vargas in the *Young* case, however, are substantially different. Here Dr. Sturim was an attending or treating physician who had even performed surgery on the employee while in the *Young* case Dr. Vargas was a forensic expert who, although called upon to testify about Young's condition, had merely examined but not treated him. The difference between the two situations is significant because there is a substantial body of authority holding that an attending or treating physician may base his opinion in part upon the statements of other medically trained personnel if they are used to supplement his own observations of the person or situation in question. *Jenkins* v. *United States*, 307 F.2d 637, 641-42 (D.C. Cir. 1962); *Atchison, Topeka & Santa Fe Railway* v. *Preston*, 257 F.2d 933, 936 (10th Cir. 1958); *Metropolitan Life Ins. Co.* v. *Osborne*, 286 Ky. 301, 305-07, 150 S.W.2d 479, 481-82 (1941); *Patchek* v. *Norton Concrete Co.*, 160 Mont. 16, 21-22, 499 P.2d 766, 769 (1972); *State* v. *Best*, 89 S.D. 227, 239-41, 232 N.W.2d 447, 455 (1975); *New Jersey Zinc. Co.* v. *Cole*, 532 S.W.2d 246, 250 (Tenn. 1975); *Sundquist* v. *Madison Railways*, 197 Wis. 83, 87, 221 N.W. 392, 393 (1928); McCormick, *Evidence* §15 (2d ed. 1972); Rheingold, *The Basis of Medical Testimony*, 15 Vand. L. Rev. 473, 505-14 (1962); *see Carrington* v. *Civil Aeronautics Board*, 337 F.2d 913, 916 (4th Cir. 1964); *State Realty Co.* v. *Ligon*, 218 Ala. 541, 543-44, 119 So. 672, 674 (1929); 3 Wigmore, *Evidence* §688 at 9-11, (Chadbourn rev. ed. 1970). *But see Salotti* v. *Seaboard Coast Line Railroad*, 293 Ala. 1, 20-24 & 25 (Jones, J., concurring), 299 So. 2d 695, 712-16 & 717 (Jones, J., concurring)(1974).

The rationale for this exception to the general rule followed in the *Young* case is

> "that the medical need for the communicated information and the assumed reliability of medical personnel generally justifies the slight danger of erroneous information falling on the ears of the trier. After all, the very notion of an expert assumes a person competent to judge the reliability of the information he receives. In fact, in another area of the law a duty is laid upon the doctor to refer his patient to a specialist when necessary. If that be so, the doctor ought to be able to rely upon what he is told by the consultant." Rheingold, *The Basis of Medical Testimony*, 15 Vand. L. Rev. 473, 508 (1962).

Another telling reason for permitting this kind of testimony appears in the leading case of *Sundquist* v. *Madison Railways*, 197 Wis. 83, 87, 221 N.W. 392, 393 (1928), where the court said:

> "In order to say that a physician, who has actually used the result of those tests in a diagnosis and in the treatment of the plaintiff, may not testify what that diagnosis was, the court must deliberately shut its eyes to a source of information which is relied on by mankind generally in matters that involve the health and may involve the life of their families and of themselves—a source of information that it is essential the court should possess in order that it may do justice between these parties litigant.

> "In making a diagnosis for treatment physicians must of necessity consider many things that do not appear in sworn proof on the trial of a lawsuit—things that mean much to the trained eye and touch of a skilled medical practitioner. This court has held that it will not close the doors of the courts to the light which is given by a diagnosis which all the rest of the world accepts and acts upon, even if the diagnosis is in part based upon facts which are not established by the sworn testimony in the case to be true."

In our judgment, the reasons underlying the exception to the rule are cogent and the result sound, and we accept both. Consequently, Dr. Sturim's testimony, which fits into the exception rather than the rule, should not have been stricken. Because the Legislature has assigned the factfinding function in compensation matters to the commission, this case must be remanded to the full commission so that it may reconsider the record, including Dr. Sturim's testimony, and pass judgment on the trial commissioner's decree.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the case is remanded to the Workers' Compensation Commission for further proceedings.

*Bernard W. Boyer*, for plaintiff.

*Bernard C. Gladstone*, for respondent.