Submitted on record and briefs September 15, affirmed October 15,
petition for rehearing denied November 12, petition for
review denied December 15, 1970

## STEVEN COLE, *Appellant, v.* CUPP, *Respondent.*
475 P2d 428

Gary D. Babcock, Public Defender, and Ken C. Hadley, Deputy Public Defender, Salem, for appellant.

Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and Jim G. Russell, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT,* Judges.

FOLEY, J.

Petitioner, a Negro, was convicted of statutory rape on a 15-year-old white girl and sentenced to 15 years' imprisonment. He appealed to the Supreme Court and the conviction was affirmed, 244 Or 455, 418 P2d 844 (1966). Petitioner, who was represented at the trial of conviction by a court-appointed Negro attorney, now applies for post-conviction relief.

■ Petitioner's claims are not properly before this court because the petition sets forth no reason why the points were not raised on direct appeal. *Bias v. Cupp*, 1 Or App 510, 462 P2d 684 (1969) 464 P2d 721 Sup Ct *review denied* (1970). However, in the interests of time and judicial economy, we have elected to discuss

---

* Fort, J., did not participate in this decision.

the claims rather than consider whether remand for possible amendment would be appropriate.

■ First, petitioner claims that he reasonably believed that the victim of the rape was over 16 years of age and, therefore, the intent to commit rape was absent. It is well settled law in Oregon that the only elements of statutory rape are sexual intercourse and the girl's age in fact. ORS 163.210.① *State v. Gauthier,* 113 Or 297, 231 P 141 (1924).

■ Second, the petitioner claims the prosecution suppressed evidence of prior sexual misconduct of the complaining witness and one other witness. Petitioner does not claim he made any request to the prosecutor for the information but merely that the prosecution suppressed the evidence by not voluntarily informing petitioner of its existence. *State v. Simms,* 3 Or App 153, 471 P2d 821 Sup Ct *review denied* (1970), citing *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), sets forth the rule that a defendant must request information before he may complain that the prosecution suppressed evidence.

■ Petitioner's third claim is that his "court appointed counsel was a Negro and therefore incompetent to effectively represent petitioner against serious crime involving heated racial tension." Understandably petitioner cites no cases in support of this proposition. But, more important, he failed to sustain the burden which is upon him to produce evidence supporting his claim of counsel's incompetence.

---

① ORS 163.210:

"(1) Any person over the age of 16 years who carnally knows any female child under the age of 16 years * * * is guilty of rape * * *.

"* * * * *."

■■ Petitioner's fourth claim is that he was denied effective assistance of counsel at trial in that his counsel, when a juror apparently asserted he knew petitioner, failed to inquire into the nature of this knowledge and failed to challenge the juror. There is no indication that petitioner was in any particular way harmed by the presence of this juror on the jury. Retrospective suspicion furnishes no basis for a charge of disservice of counsel. For all that appears, the reason for not questioning the juror further or not challenging him may have been part of defendant and his counsel's trial strategy. *Wheeler v. Cupp*, 3 Or App 1, 470 P2d 957 Sup Ct *review denied* (1970). In any case there was nothing alleged or shown in connection with this claim which constitutes incompetent performance by counsel.

Affirmed.