Argued November 22, reversed and remanded with instructions
December 23, 1974, reconsideration denied January 22,
petition for review denied February 11, 1975

MARVIN LEROY HUSSICK, *Appellant, v.*
STATE OF OREGON (No. 83381), *Respondent.*

529 P2d 938

*Donald H. Upjohn,* Salem, argued the cause for appellant. With him on the brief were Heltzel & Byers, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

A demurrer was sustained to petitioner's amended petition for post-conviction relief. The petition was dismissed upon his refusal to plead further and he appeals from the order dismissing the petition.

The petition for its second cause of action[1] alleges that petitioner was originally charged with second degree robbery in a one-count information. A grand jury subsequently indicted him and a co-defendant with two counts of second degree robbery arising out of the same transaction. He pleaded not quilty at arraign-

---

[1] The petition alleged three causes of action. Defendant attacks only the disposition of the second and third in this appeal.

ment, was found guilty by a jury and sentenced to three years' imprisonment on each count, the sentences to run concurrently. Petitioner alleges that his court-appointed attorney committed the following acts and omissions:

"(1) Waived the reading of the indictment at petitioner's arraignment and thereafter failed to notify him that he had been indicted on two counts of robbery so that petitioner was unaware of this crucial fact until the morning of the trial, the result of which was to deny petitioner the right to prepare an effective defense to the crimes with which he was charged.

"(2) Failed to request a severance so petitioner would not have to endure the prejudice of facing a single jury charged with more than one offense.

"(3) Failed to object to the following misstatement of law made by the prosecutor to a member of petitioner's jury panel before the full panel that eventually heard the case:

" 'You realize when a case gets to trial there are two stories. The defendant says he didn't do it. *And he has to have witnesses to take the stand.* And the State has witnesses that say he did do it. Then it is up to you, as a juror, to decide which story you believe. After you have done that, if you believe the state's witnesses, the State's story, you will find him guilty?' [Emphasis supplied.]

"(4) Failed to cross-examine officers Ron Brown and Stephen L. Baumgarte about the crucial circumstances surrounding the arrest and search of petitioner on the evening of July 22, 1972. Officer Baumgarte testified that he found a watch belonging to one of the victims in the petitioner's pocket. Officer Brown's police report stated that this watch was found on the co-defendant. This inconsistency was a very important element of petitioner's defense. The petitioner testified at trial

that he was unaware that a robbery occurred. Moreover, he was unable to explain the fact that the watch was found in his pocket.

"(5) Failed to point out to the jury in final argument the many inconsistencies in the testimony of the alleged victims."

Petitioner claims the effect of the above was to deprive him of the effective assistance of counsel in violation of the applicable provisions of the state and federal constitutions. In his third cause of action he also alleges that to sentence him on both counts of robbery in the second degree constituted impermissible multiple punishment.

The state argued that the petitioner failed to allege facts sufficient to show he was prejudiced in the criminal process and that the petition did not allege facts which showed that counsel was " 'so incompetent or inefficient as to make the trial a farce or mockery of justice.' " *Benson v. Gladden,* 242 Or 132, 140, 407 P2d 634 (1965), *cert denied* 384 US 908 (1966). The trial court sustained the demurrer to the whole of petitioner's post-conviction amended and supplemental petition without opinion.

The demurrer admits the facts stated in the petition. *Bryan v. Cupp,* 1 Or App 52, 458 P2d 697 (1969).

We conclude that petitioner's second cause of action sufficiently alleged, so as to require a hearing thereon, that he had received "unreasonable [assistance of counsel] under the circumstances." *Rook v. Cupp,* 18 Or App 608, 613, 526 P2d 605, Sup Ct *review denied* (1974), and was prejudiced thereby.

In connection with the allegations of incompetency of counsel, this court in *Rook v. Cupp,* supra,

reviewed state and federal decisions and concluded that:

> " 'Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.' *State v. Thomas,* 203 SE2d 445, 461 (W Va 1974).

> "This brings into consideration counsel's skills as a lawyer and applies a test of reasonableness under the circumstances. We adopt that test. It does not change the rule that a petitioner has the burden of producing evidence supporting the claim of incompetence—*Benson v. Gladden,* 242 Or 132, 407 P2d 634 (1965), *cert denied* 384 US 908 (1966); *Storms v. Cupp,* [13 Or App 273, 508 P2d 450 (1973)]; *Cole v. Cupp,* 3 Or App 616, 475 P2d 428, Sup Ct *review denied* (1970)—and it includes the thought that if any shown incompetence had no effect on the outcome of the case it will be treated as harmless. *Storms v. Cupp,* supra; *State v. Goddard,* 5 Or App 454, 485 P2d 650 (1971)." (Footnote omitted.) 18 Or App at 612-13.

■ Examining the allegations with respect to the *Rook* standard, the first specification is an allegation that counsel failed to object to an improper comment. The fourth specification is that counsel failed to cross-examine or at a minimum failed to impeach a witness on a critical fact. The fifth allegation concerns failure to argue effectively. Each of these areas has been recognized as a basis for the claim of ineffective assistance of counsel. *Wilson v. State,* 222 Ind 63, 51 NE2d 848 (1943) (failure to object to improper comment by judge); *The People v. Schulman,* 299 Ill 125, 132 NE 530, 24 ALR 1022 (1921) (failure to impeach); *Matthews v. United States,* 449 F2d 985 (DC Cir 1971)

(failure to make effective final argument, found harmless). Whether counsel measured up to the *Rook* standard thus was presented as an issue. In evaluating the specifications, their cumulative impact should be considered. When viewed as a whole, the allegations of the second cause of action are sufficient to entitle petitioner to a hearing on the claim.

■ As to petitioner's third cause of action, petitioner was tried and convicted of two counts of robbery in the second degree. ORS 164.405. He was sentenced to three years' imprisonment on each, the sentences to run concurrently. Petitioner urges that the trial court did not have authority to sentence him on both counts because the crimes arose out of the same transaction. Petitioner cites *State v. Welch,* 264 Or 388, 505 P2d 910 (1973), in support of his position. There our Supreme Court held that the simultaneous presentment of two checks drawn on the account of the same purported maker constituted but one offense and a sentence to two concurrent four-year terms was improper. No hard and fast rule was enunciated and the court conceded that the determination of what amounts to a single act in a given case is often a troublesome question. In *State v. Gratz,* 254 Or 474, 461 P2d 829 (1969), our Supreme Court held that armed robbery of two persons at the same time and place constituted two separate crimes and in *State v. Rook,* 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973), this court held that each act of homicide committed by a defendant constituted a separate offense. In the present case, the defendant was convicted of two robberies, separately charged in one indictment, each involving a different victim. Thus, though arising out of the same

transaction, they were separate offenses and the sentencing of the defendant on each of them was proper.

Reversed and remanded with instructions to overrule the demurrer to petitioner's second cause of action.