Submitted on record and briefs May 20, affirmed June 6, 1977

# ROBERT C. BARZEE, *Appellant,*
## v.
## CUPP, *Respondent.*
## (No. 95860, CA 7599)

564 P2d 1366

Robert C. Barzee, Salem, filed the brief pro se for appellant.

James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

■  In this appeal from the denial of post-conviction relief, petitioner contends (1) that the form of the order entered below fails to comply with the requirements of ORS 138.640; (2) that the court erred in finding that petitioner was not denied effective assistance of counsel; and (3) that the court erred in finding that the statute of limitations had not run prior to the time petitioner was indicted.

ORS 138.640 provides:

> "* * * The order making final disposition of the petition [for post-conviction relief] shall state clearly the grounds upon which the cause was determined, and whether a state or federal question, or both, was presented and decided. * * *"

Here the order states that petitioner sought post-conviction relief on the grounds that "(1) the Baker County Circuit Court had no jurisdiction, and (2) his attorney's representation was inadequate," and that petitioner failed to prove either claim. The purpose of ORS 138.640 is to provide an appellate court with knowledge of what issues were presented and resolved by the trial court. Since it is evident that a claim of lack of jurisdiction involves a state law question and a claim of inadequate representation by counsel involves a constitutional question, the order met the requirements of ORS 138.640.

■■  As to the claim of incompetence of counsel, petitioner has the burden of showing not only counsel's incompetence, but also prejudice resulting therefrom. *Hussick v. State of Oregon,* 19 Or App 915, 529 P2d 938 (1974), Sup Ct *review denied* (1975); *Storms v. Cupp,* 13 Or App 273, 508 P2d 450, Sup Ct *review denied* (1973). Petitioner contends that his decision, after plea bargaining, to plead guilty to a charge of second degree rape was influenced by his counsel's erroneous advice that in a trial for incest evidence of prior acts of incest with the same victim would be admissible. The advice

of petitioner's counsel was not erroneous. *State v. Start*, 65 Or 178, 132 P 512 (1913).

Petitioner next contends that his counsel made numerous errors throughout the proceedings which led to petitioner's guilty plea. The record does not support this contention.

Petitioner's contention that the statute of limitations had expired prior to the time the district attorney filed an information in the matter is incorrect. ORS 131.125 requires that prosecutions for second degree rape be commenced within three years after the commission of the act. The information here, filed on January 2, 1975, charged petitioner with having committed second degree rape on an unknown date "within the statute of limitations." The peculiar wording of the information was the result of the plea bargaining between defendant and the prosecution— defendant did not wish it to be known that the acts which occasioned the charges occurred in November 1972, after his marriage earlier that year. Defendant cannot now contend that the imprecise wording of the information makes it possible that the crime was committed outside of the statute of limitations.

Affirmed.