*[11]
 
 SCHWAB, C. J.
 

 The issue presented by this appeal is whether in a prosecution for rape, sodomy and sexual abuse, ORS 163.475 prevents the state from introducing evidence of prior sexual acts between the defendant and a prosecutrix.
 

 Upon trial by jury, defendant was convicted of two counts of statutory rape, two counts of sodomy and one count of sexual abuse. The two prosecutrices involved were both under the age of 12 at the time the incidents occurred. At trial, defendant, relying on ORS 163.475, moved the trial court to exclude from evidence all reference to prior sexual acts which had occurred between defendant and either prosecutrix. The trial court refused defendant’s motion and the state subsequently introduced testimony from both prosecutrixes concerning prior sexual acts between themselves and the defendant. Defendant contends that the trial court erred in allowing the state to introduce evidence of his prior sexual acts.
 

 ORS 163.475 provides:
 

 "(1) For the purposes of this section, 'complainant’ means the alleged victim of the crime for which the defendant is prosecuted.
 

 "(2) In a prosecution under ORS 163.355 to 163.425, evidence of the sexual character or reputation for chastity of the complainant is not admissible for any purpose, and reference to the sexual character or reputation for chastity of the complainant shall not be made in the presence of the jury.
 

 "(3) Except as provided in subsection (4) of this section, in a prosecution under ORS 163.355 to 163.425, evidence of previous sexual conduct of a complainant shall not be admitted and reference to that conduct shall not be made in the presence of the jury.
 

 "(4) If a defendant wishes to elicit evidence or testimony concerning previous sexual conduct between himself and the complainant for the purpose of negating the existence of forcible compulsion in the alleged offense, the defendant must, dining the trial, but prior to
 
 *[12]
 
 the offering of such evidence or making reference thereto, request a hearing to be held to determine whether the evidence will be admitted. The court shall conduct a hearing out of the presence of the jury and shall take such testimony and evidence as it deems necessary. If the court finds that the evidence or testimony sought by the defendant regarding the previous sexual conduct of complainant with the defendant is relevant for the purpose offered and is not otherwise inadmissible, the court shall issue an order stating what evidence may be introduced by the defendant, and the nature of the questions permitted at trial.
 

 "(5) Nothing in this section shall limit the right of either the state or the defendant to impeach the credibility of a witness by proof of a prior conviction of a crime.”
 

 Prior to the enactment of ORS 163.475 in 1975, Oregon recognized at least two special evidentiary rules designed to protect defendants in sexual offense cases: (1) the defendant could offer testimony concerning the general reputation in the community of the prosecutrix for chastity; and (2) the defendant could offer testimony concerning prior sexual conduct between the victim and the defendant.
 
 State v. Ogden,
 
 39 Or 195, 201, 210, 65 P 449 (1901).
 

 ORS 163.475 modifies these common-law rules. It was enacted in response to criticism of the defense use, at rape trials, of a prosecutrix’s sexual history.
 
 [1]
 
 The Subcommittee on Rape Legislation of the Oregon House Committee on Judiciary stated the purpose of 1975 House Bill 2241, codified as ORS 163.475, as
 

 «* * * legislation * * *
 
 which would limit inquiries
 
 into the past sexual history and reputation for chastity of complaining witnesses in trials for the crime of rape and sodomy.” (Emphasis supplied.) Minutes, House Committee on Judiciary, Appendix A, p 1, March 27, 1975.
 

 
 *[13]
 
 The clear thrust of the statute, as indicated by its legislative history, is to protect a prosecutrix from unnecessary disclosure of her sexual history.
 

 Separate and distinct from the rules recited above is the one which permits evidence of a defendant’s prior criminal acts other than those charged to show his propensity to commit the act charged. In prosecutions for statutory rape, evidence of prior acts with the same child has been admissible to show the "lustful disposition of the defendant and the probability of his having committed the particular act charged in the indictment.”
 
 State v. Pace,
 
 187 Or 498, 507, 212 P2d 755 (1949).
 

 The defendant argues that ORS 163.475 prohibits
 

 the state from introducing evidence of his prior criminal acts with the prosecutrices in this case. We disagree. ORS 163.475 applies to those situations in which a defendant, and not the state, attempts to introduce evidence of a prosecutrix’s past sexual history. The legislature, in enacting the ORS 163.475 statute, did not intend to make it more difficult for the state to introduce probative evidence in statutory rape cases, but only to protect victims of sexual offenses from unnecessary embarrassment and humiliation at trial by defendants.
 

 Defendant’s interpretation of ORS 163.475 would make it impossible for the state to introduce evidence of prior acts between the defendant and the prosecutrix, while permitting defendant to do so under ORS 163.475(4). Such a result would be contrary to the legislative purpose underlying the statute. Courts must refuse to give literal application to language when to do so would produce an unreasonable result.
 
 State v. Irving,
 
 268 Or 204, 207, 540 P2d 354 (1974);
 
 Pacific P. & L. v. Tax Com.,
 
 249 Or 103, 110, 437 P2d 473 (1968);
 
 State v. Laemoa,
 
 20 Or App 516, 527, 533 P2d 370, Sup Ct
 
 review denied
 
 (1975).
 

 Affirmed.
 

 [1]
 

 The traditional special evidentiary rules in rape cases have recently been the subject of much legal criticism.
 
 See,
 
 e.g., Comment,
 
 The Rape Victim: A Victim of Society and the Law,
 
 11 Will L J 36 (1974). In response to much of this criticism, over half the states have enacted "rape shield” laws designed to control or prohibit the use of evidence regarding a rape complainant’s chastity.
 
 See,
 
 Berger,
 
 Man’s Trial, Woman’s Tribulation: Rape Cases in the Courtroom,
 
 77 Colum L Rev 1, 32, n 196 (1977).