Argued May 15, resubmitted in banc July 12, 1978, reversed February 6, reconsideration denied April 24, Supreme Court review denied June 13, 1979, 286 Or 637

# DANIEL LEE TIMMS, *Respondent,*
## *v.*
## CUPP, *Appellant.*
### (No. 99295, CA 9961)
590 P2d 264

W. Benny Won, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

[ 339 ]

Robert C. Cannon, Salem, argued the cause for respondent. With him on the brief was Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem.

TANZER, J.

Schwab, C. J., specially concurring opinion.

Buttler, J., specially concurring opinion.

**TANZER, J.**

This is an appeal by the state from an order granting post-conviction relief on the ground of denial of effective representation of counsel because petitioner's trial attorney failed to assert the doctrine of collateral estoppel as a ground for suppression of evidence.

In 1973, two policemen stopped and searched petitioner's automobile. Petitioner was driving and one Gerald Woods was a passenger. The officers found two loaded revolvers, one under each seat, and dangerous drugs.

Woods was charged with a weapons offense. The trial court granted his motion to suppress, holding that the police did not have probable cause to search the automobile. The state did not appeal.

Petitioner was charged with drug and weapons offenses. His attorney moved to suppress the fruits of the automobile search on the ground of lack of probable cause. The attorney was aware that Woods' motion had previously been granted, but he did not urge collateral estoppel as a ground for suppression. The motion was denied. The evidence was admitted in petitioner's trial. He was found guilty and it is this conviction from which he seeks relief.

■ The failure of counsel to assert a defense in the trial court entitles the client to post-conviction relief only if the raising of the issue would have affected the result. *Barzee v. Cupp,* 29 Or App 705, 564 P2d 1366 (1977). Therefore, assuming for argument that failure to raise a sophisticated issue is incompetence of such a degree as to render counsel ineffective in a constitutional sense, *see Rook v. Cupp,* 18 Or App 608, 526 P2d 605 *rev den* (1974), and further assuming for argument that a preliminary evidentiary ruling is the type of ruling to which collateral estoppel would apply in a civil case, we look to whether interposition of the defense of collateral estoppel would have prevailed and required suppression in petitioner's trial.

[ 341 ]

The doctrine of collateral estoppel as it applies to criminal cases has developed in pieces. In *State v. George,* 253 Or 458, 455 P2d 609 (1969), the Supreme Court barred a trial for the murder of the second victim where the same defendant had been acquitted of murdering the first victim with the same bullet. The court made no constitutional pronouncement, but, rather, applied the civil rule of collateral estoppel. The doctrine, however, was not necessarily transferred to criminal law in all of its particulars.

■ Thereafter the United States Supreme Court decided the cases of *Harris v. Washington,* 404 US 55, 92 S Ct 183, 30 L Ed 2d 212 (1971), and *Ashe v. Swenson,* 397 US 436, 90 S Ct 1189, 25 L Ed 2d 469 (1970), holding that collateral estoppel was applicable to criminal prosecutions as an aspect of the constitutional protection against double jeopardy. Because the protection against double jeopardy cannot be claimed by a person other than the person who was placed in prior jeopardy, it follows strictly as a matter of constitutional law that the protection of collateral estoppel cannot be asserted by a person other than the defendant in the original prosecution. Hence, *Ashe v. Swenson,* 397 US at 443, defines the doctrine as follows:

> " 'Collateral estoppel' * * * means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. * * *"

*See also, Harris v. Washington,* 404 US at 56. The "same parties," of course, are the defendant and the state.

■ Thereafter, in *State v. Mozorosky,* 277 Or 493, 561 P2d 588 (1977), the Supreme Court of Oregon acknowledged that the doctrine of collateral estoppel had not theretofore been applied as a matter of constitutional law citing several cases including *State v. George, supra,* but proceeded to do so in the case

before it in view of the decisions in *Ashe v. Swenson* and *Harris v. Washington* by the United States Supreme Court. In adopting a constitutional rationale, however, the Supreme Court did not expressly abandon the nonconstitutional rationale of *George*. Thus, the possibility that the Supreme Court will in future cases apply collateral estoppel in the broader nonconstitutional sense as in civil cases has not been logically excluded.

The doctrine of collateral estoppel in criminal cases, whether founded in common law, statutes or the constitution, has been consistently applied by the Oregon and United States Supreme Courts in the manner of *res judicata* for the benefit of the same litigant regarding the same criminal episode and has never been applied as in civil law for the benefit of other litigants. The failure of the Supreme Court in *Mozorosky* to expressly abandon the *George* rationale suggests that the Supreme Court may in a proper case wish to apply the doctrine more expansively, but this case presents no reason to do so. Accordingly, we conclude that had petitioner's attorney urged collateral estoppel as a basis for suppression, he would not have succeeded. Hence, petitioner has not shown that he was denied the effective assistance of counsel.

Reversed.

**SCHWAB, C. J.,** specially concurring.

I know of no authority applying the doctrine of collateral estoppel to rulings on the admissibility of evidence in either civil or criminal cases. The suppression order at issue here, albeit a pretrial ruling, was essentially nothing more or less than an order sustaining an objection to proferred evidence.

**BUTTLER, J.,** specially concurring.

The only constitutional question presented here is whether petitioner was denied effective counsel because his attorney at his 1973 criminal trial did not

[ 343 ]

assert the doctrine of collateral estoppel in support of a motion to suppress evidence obtained as a result of a warrantless search of an automobile in which petitioner and a friend were riding. Petitioner's friend had gone to trial first and had successfully contended in a pretrial hearing that there was no probable cause to support the warrantless search. The state did not appeal.

The majority would have us believe that there is no problem because the law in Oregon was clear in 1973, and is clear now, that collateral estoppel is inapplicable to criminal cases, even with respect to pretrial motions. This is so, it is suggested, because collateral estoppel, as applied in the criminal context, is a constitutional concept, a part of former jeopardy, and therefore is available only to the defendant in the original proceedings, even though former jeopardy has no application to pretrial motions because jeopardy has not attached.

While I concur with the majority's disposition of the case, I do not agree that collateral estoppel has no application to criminal cases independent of constitutional law or *res judicata,* at least as to issues determined in pretrial motions to suppress. I see no reason why the state should have as many "bites of the apple" as there are defendants to establish that a given warrantless search was valid. I agree with petitioner that the application of the doctrine in civil cases in Oregon since 1970 was clear at the time of his trial: collateral estoppel precludes a party from relitigating an issue, decided adversely to that party, in a subsequent lawsuit involving a litigant who was not a party to the prior proceeding. *Bahler v. Fletcher,* 257 Or 1, 472 P2d 329 (1970). It makes no difference that the second litigant may not be bound by a prior determination in favor of his adversary; mutuality of estoppel is not required. As restated in *State Farm v. Century Home,* 275 Or 97, 550 P2d 1185 (1976), there are two essential conditions for the application of

[ 344 ]

collateral estoppel by a nonparty against one who was a party to a prior action:

> "First, there must exist an identity of issue between the prior action and the action in which estoppel is asserted; and second, the party against whom estoppel is sought must have had a full and fair opportunity to contest the issue decided adversely to him." 275 Or at 102.

Both of those conditions were met in this case.

Its application to criminal cases, however, is not so clear. It is true that ORS 136.430 provides:

> "The law of evidence in civil actions is also the law of evidence in criminal actions and proceedings, except as otherwise specifically provided in the statutes relating to crimes and criminal procedure."

It is also true that no statute specifically provides that collateral estoppel is inapplicable in criminal proceedings.

Further, the Oregon Supreme Court in *State v. George,* 253 Or 458, 455 P2d 609 (1969), applied collateral estoppel, as distinct from former jeopardy, in a criminal case, rejecting the idea that collateral estoppel is exclusively a constitutional concept. The Court stated:

> "The basis for this decision is *not* former jeopardy which applies only when the prosecution in both cases is for the same offense. * * * For present purposes, it may be assumed that the killing of Kirk and the killing of Eggsman, albeit by the same bullet, were separate offenses, and therefore, that the case is not governed by the constitutional provision against double jeopardy. * * * Nevertheless, '[T]he conclusiveness of a fact which has been competently adjudicated by a criminal trial is not confined to such matter only as is sufficient to support a plea of double jeopardy.' *United States v. De Angelo,* 135 F2d 466, 468 (3d Cir 1943). We recognized this rule in *State v. Dewey,* [206 Or 496, 292 P2d 799 (1956)] where we applied to a criminal case the doctrine of collateral estoppel." 253 Or at 466. (Emphasis added.)

[ 345 ]

*State v. Mozorosky,* 277 Or 493, 561 P2d 588 (1977), did not alter that conclusion.[1] In addition, this court has stated that collateral estoppel applies in criminal cases. *State v. Hoare,* 20 Or App 439, 532 P2d 240 (1975).

However, petitioner has cited no Oregon cases, and we have found none, where the doctrine has been applied in criminal cases in favor of a defendant not a party to the first determination. On the other hand, I do not accept the apparent position of the majority opinion that collateral estoppel, as applied in the criminal context, is exclusively a constitutional concept, a part of former jeopardy, although the majority concedes that the Supreme Court may wish to expand the application of the doctrine. It is sufficient to point out that former jeopardy may be applicable even though collateral estoppel or *res judicata* is not: a defendant may be put in jeopardy without his guilt or innocence being resolved, *Ex Parte Tice,* 32 Or 179, 49 P 1038 (1897); *State v. Chandler,* 128 Or 204, 274 P2d 303 (1929); *State v. Embry,* 19 Or App 934, 530 P2d 99, *rev den* (1975). Further, former jeopardy does not apply to pretrial determinations.

While I see no policy reason why collateral estoppel should not preclude the state from relitigating a pretrial determination that a warrantless search was

---

[1] In *Mozorosky,* defendant was charged in eight indictments with theft from his employer, all of which were consolidated for trial. A jury acquitted him on two of the indictments, but was unable to agree on the remaining six. The trial court, on defendant's motion, dismissed the remaining six on the grounds of double jeopardy, *res judicata* and collateral estoppel. This court, on appeal, affirmed, holding that because the same evidence was used with respect to all eight indictments, even though each covered a different time period, the doctrine of collateral estoppel, as a component of double jeopardy, precluded the state from relitigating the issues presented. The Supreme Court granted review "because of the perplexing questions concerning the application of the doctrine of collateral estoppel." (277 Or at 495.) It concluded that the jury, "acting rationally, could have acquitted the defendant on the charges made in the first two indictments 'upon an issue other than that which the defendant seeks to foreclose from consideration'; that is, thefts during the periods covered by the last six indictments." (277 Or at 500.) Accordingly, the Court correctly concluded that collateral estoppel was not applicable.

not based upon probable cause, the question had not been decided in Oregon at the time of petitioner's trial in 1976, and the law was not clear as to its application to these facts. Even if we were to decide now that petitioner would prevail in 1979 if the question were presented, I cannot say that he would have prevailed in 1976 had his counsel argued the point in support of the motion to suppress.

Considering the state of the law, I can say that a particularly astute lawyer would have raised the question, and that he might have prevailed ultimately. Such a conclusion, however, does not result in petitioner having been denied effective counsel. *State v. Abel,* 241 Or 465, 406 P2d 902 (1965); *Benson v. Gladden,* 242 Or 132, 407 P2d 634 (1965), *cert den* 384 US 908 (1966); *North v. Cupp,* 254 Or 451, 461 P2d 271 (1969), *cert den* 397 US 1054 (1970).

*North v. Cupp, supra,* involved the failure of counsel to raise the issue of the inadmissibility of evidence obtained in a search where there was "little doubt that the search and seizure was in violation of the Fourth Amendment." 254 Or at 453. Although the court noted that "[i]ncompetence of counsel. is not asserted as a ground for relief," 254 Or at 454, it proceeded, by way of *dictum,* to state:

> "Lest it be thought that in fact counsel was incompetent because he failed to object to the evidence, we quote with approval language quoted in *State v. Abel,* 241 Or 465, 469, 406 P2d 902, 904 (1965):
>
> > " ' "As to the requirement under the Fourteenth Amendment, the services of counsel meet the requirements of the due process clause when he is a member in good standing at the bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. He is not required to be infallible. We know that some good lawyer gets beat in every law suit. He made some mistakes. The printed opinions that line the walls in our offices bear

mute testimony to that fact. His client is entitled to a fair trial, not a perfect one."

" 'U. S. ex rel Weber v. Ragen (CA 7 Ill) 176 F2d 579, 586, per Minton, J.'

Also see *Benson v. Gladden,* 242 Or 132, 140-41, 407 P2d 634 (1965)."

The most rigorous standard, set forth in *Moore v. United States,* 432 F2d 730, 736 (3rd Cir 1970), was quoted in our opinion in *Rook v. Cupp,* 18 Or App 608, 526 P2d 605, *rev den* (1974):

" '* * * The standard or adequacy of legal services as in other professions is the exercise of the customary skill and knowledge which normally prevails at the time and place.' * * *" 18 Or App at 612.

Our decision in *Rook,* however, did not rest on the quoted language because the conduct of the attorney whose performance was claimed to be incompetent rested on a tactical judgment.[2]

Even if we were to apply the standard quoted above from *Moore* to this case, there is no evidence in this postconviction proceeding to support the proposition that the trial attorney's failure to assert collateral estoppel did not measure up to the standard which normally prevailed at the time and place in question. I cannot say as a matter of law that an attorney who fails to assert a proposition which, if successful, would make new law, is incompetent or has not rendered effective assistance to the defendant.

I would hold that petitioner has not sustained his burden of proof, and the trial court erred in granting him postconviction relief. For the foregoing reasons, I concur in the reversal of the judgment below.

---

[2]We adopted the following test from *State v. Thomas,* — W Va ——, 203 SE2d 445, 461 (1974):

"Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of the accused."

Thornton, J., joins in this specially concurring opinion.