Argued and submitted November 25, 1987, reversed and remanded for a new trial October 5, reconsideration denied December 23, 1988, petition for review allowed January 18, 1989 (307 Or 326)
See later issue Oregon Reports

# STATE OF OREGON,
*Respondent,*

*v.*

# JOHN MICHAEL ZYBACH,
*Appellant.*

(10-86-02070; CA A42508)

761 P2d 1334

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

Rossman, J., dissenting.

## JOSEPH, C. J.

Defendant appeals his conviction for rape in the second degree. He contends that the trial court erred by admitting evidence of "other crimes" or "other bad acts." OEC 404(3).[1] We reverse.

The court admitted evidence of three contacts or attempted contacts between the victim, a juvenile, and the defendant which occurred after the alleged rape. The first incident occurred approximately one month afterward, when he exposed his penis and attempted to kiss her. In the second, six or seven months later, defendant approached the victim and her friend, kicked them in the buttocks and attempted to kiss the victim. In the third, defendant approached the victim's friend, asked her about the victim and told the friend to meet him later that evening and not to tell anybody. After that, the friend's mother called the police, who were then told of all three incidents.

On a motion *in limine,* defendant argued that the state could not offer evidence of his character in its case-in-chief before he had put his character in issue. He also argued that evidence of other crimes or other bad acts is not admissible to prove the character of an accused. The state contends that, notwithstanding the general rule against admissibility of "other crimes" evidence, evidence of other contacts of a sexual nature between a defendant and the purported victim of a sexual offense is admissible, because it is relevant to showing the propensity of the defendant to pursue sexual activities with the victim. The state relies on *State v. Kristich,* 226 Or 240, 242, 359 P2d 1106 (1961); *State v. Risen,* 192 Or 557, 565, 235 P2d 764 (1951); *State v. Pace,* 187 Or 498, 507, 212 P2d 755 (1949); *State v. Eggleston,* 31 Or App 9, 13, 569 P2d 1088 (1977), *rev den* 281 Or 99 (1978); and *Barzee v. Cupp,* 29 Or App 705, 707, 564 P2d 1366 (1977). The state also contends that it is entitled to prove its case to the best of its ability and that evidence of contacts or attempted contacts between

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

defendant and the victim after the charged offense tend to explain why the victim delayed reporting the crime and lends credibility to her allegations.

■■■■ Adoption of the Evidence Code in 1981 deprived the cases upon which the state relies of their substantial authority. Under OEC 404, evidence of the character of an accused is admissible when it is an essential element to be proved in a case. However, that evidence is not admissible solely to prove that he acted in conformity with that character. OEC 404(2);[2] *see State v. Manrique,* 271 Or 201, 531 P2d 239 (1975). In addition, the prosecution may not introduce evidence of the accused's bad character or propensity to commit a crime unless and until the accused himself, or through the testimony of another witness, has put his character or propensity in issue. *State v. Davis,* 54 Or App 133, 136, 634 P2d 279 (1981); *State v. Henley,* 27 Or App 607, 611, 557 P2d 33 (1976), *rev den* (1977). What is sought to be avoided is the danger of prejudice by tempting the jury to decide the case on an improper basis when the nature of the crime is itself inflammatory and the potential for prejudice is high. We apply a rule of inclusion narrowly in cases involving sex crimes. *Youngblood v. Sullivan,* 52 Or App 173, 176, 628 P2d 400, *rev den* 291 Or 368 (1981); *State v. Sicks,* 33 Or App 435, 438, 576 P2d 834 (1978).

■■ The trial court allowed the state to introduce evidence of the first incident in its case-in-chief to show defendant's propensity for illicit sexual contacts with the victim. In so doing, the court relied on the cases listed above on which the state relies, in particular, *State v. Pace, supra,* which held:

---

[2] OEC 404(2) provides:

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"(a) Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;

"(b) Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same or evidence of a character trait of peacefulness of the victim offered by the prosecution to rebut evidence that the victim was the first aggressor;

"(c) Evidence of the character of a witness, as provided in ORS 40.345 to 40.355; or

"(d) Evidence of the character of a party for violent behavior offered in a civil assault and battery case when self-defense is pleaded and there is evidence to support such defense."

"In prosecutions for statutory rape, evidence of other similar criminal acts with the same child is admissible to show the lustful disposition of the defendant and the probability of his having committed the particular act charged in the indictment." 187 Or at 507. (Citation omitted.)

The court erred in the light of OEC 404(2) and (3).

OEC 404(3) expressly provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person or to show that the person acted in conformity with that character. Such evidence may, however, be admissible for other purposes which are stated in OEC 404(3). The exceptions to the rule against evidence of a person's character are carefully delimited in OEC 404(2). The code's drafters did not see fit to include the exception stated in *Pace*. The evidence of the uncharged misconduct had a substantial likelihood of causing the jury to convict defendant as a "bad person" or, more narrowly, because he has a propensity to commit sexual acts with children, rather than because the charged offense was proven.

■ The court also allowed the state to prove the second contact as supposedly relevant to why the victim delayed reporting the crime. It is not at all apparent why it would have that probative effect but, in any event, its overwhelming probative effect would be to show defendant's bad character. It would not be admissible for that purpose unless defendant had opened the door by putting his character "clearly and expressly" in issue. *State v. Davis, supra,* 54 Or App at 138; *State v. Henley, supra,* 27 Or App at 611. He had not done that.

■ At the pretrial hearing, the trial court excluded evidence of the third contact, presumably because "other victims" evidence is ordinarily not relevant to the charged crime. The court then said that, if the state "feels a need to show that the defendant made inquiry concerning [the victim] to [the friend] on March 2nd, that would be permitted, regardful [*sic*] it is rather sanitized * * *." Later, at the beginning of the trial and before anyone had testified, the state argued that the contact was relevant to show why the victim delayed reporting the crime and that defendant's conversation with the victim's friend convinced both of them to report the rape to their parents. The trial judge then changed his mind, stating:

"[I]t is admissible.

"* * * * *

"Particularly if there is some impeachment of her in the case-in-chief, [the jury] can draw a reasonable inference that it sounds just a bit suspicious. That is, if something of that nature could be masked in secrecy for that length of time for no particularly strong or apparent reason, and suddenly be revealed.

"Certainly no new or renewed claimed overture or attack on the victim. All of a sudden she reports that she has something that she has kept so precious and secret for so long. And hence, the jury could infer without explanation there is some doubt as to her veracity; therefore, some doubt as to her testimony on the matters alleged in the indictment. They may anyway, for all the court knows.

"But for the court to deprive the state of available evidence to fill in that chain in its case-in-chief seems to be improper for the court to do.

"* * * * *

"And it has, it seems to me, a valid evidentiary proof, merit that is admissible in this case. And that will be the ruling of the court.

"Neither the court, nor the prosecutor can anticipate anymore that the defendant can remain silent or call no witnesses.

"The burden is on the state to prove its case beyond a reasonable doubt, by competent, admissible evidence."

It was reversible error to allow evidence of the contact between defendant and the victim's friend without defendant having raised the issue of delayed reporting. Even if it was reasonable to anticipate that defendant might cross-examine the victim or the friend about the reporting delay, it was not proper to approve rehabilitative testimony before there had been any impeachment.

Reversed and remanded for a new trial.

**ROSSMAN, J.,** dissenting.

It has been settled law for years that evidence of sexual contact between a defendant and a victim of a sexual offense is admissible to show the disposition of the defendant to pursue the victim. *See State v. Kristich,* 226 Or 240, 242, 359 P2d 1106 (1961); *State v. Risen,* 192 Or 557, 565, 235 P2d 764

(1951); *State v. Pace,* 187 Or 498, 507, 212 P2d 755 (1949); *State v. Eggleston,* 31 Or App 9, 13, 569 P2d 1088 (1977), *rev den* 281 Or 99 (1978); *Barzee v. Cupp,* 29 Or App 705, 707, 564 P2d 1366 (1977).

There is no basis for the majority's supposition that the legislature intended to change this rule by adopting the Oregon Evidence Code. According to the majority, the exceptions to the rule against using evidence of a person's character to prove that he acted in conformity with that character on the occasion in question are "carefully delimited in OEC 404(2)." 93 Or App at 222. That fails to acknowledge, however, that OEC 404(2) does not pertain to evidence intended to show the defendant's lustful disposition or sexual propensity. Rather, such evidence traditionally has been viewed as "admissible for other purposes." *See Getz v. State,* 538 A2d 726, 732 (Del Supr 1988); McCormick, *Evidence* 560-1, § 190 (3d ed. 1984).[1] Evidence of lustful disposition thus must be examined within the context of OEC 404(3), either as relating to one of the specifically named admissible categories or as an unlisted exception under that language.

OEC 404(3) is not an exhaustive list of those categories of evidence that may be admitted despite their bearing on a defendant's character. On the contrary, the plain language of the rule provides that evidence of bad acts or crimes may be admitted for purposes *"such as* proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Emphasis supplied.) The legislative commentary to OEC 404(3) stresses that "[t]he list of purposes set forth in subsection (3) for which evidence of other crimes, wrongs or acts may be admitted is not meant to be exclusive." It is difficult to see how such an expression could be intended to remove evidence of a defendant's propensity to pursue the victim from the ambit of the common law principles codified in 404(3).

Moreover, the Oregon Supreme Court has made it clear that OEC 404(3) is inclusionary, rather than exclusionary. *State v. Johns,* 301 Or 535, 725 P2d 312 (1986). That

---

[1] Other jurisdictions that traditionally have admitted evidence of uncharged sexual misconduct have found that the principle survives the adoption of language identical to that found in OEC 404(3). *See Johnson v. State,* 288 Ark 101, 702 SW2d 2 (1986); *State v. DeLong,* 505 A2d 803, 805-6 (Me 1986).

means that OEC 404(3) forbids evidence of the defendant's other crimes, "*only* when the evidence is offered *solely* to prove (1) the character of a person, and (2) that the person acted in conformity therewith." *State v. Johns, supra,* 301 Or at 548. (Emphasis supplied.) If the evidence offered is relevant to a fact at issue in the trial and is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence," it should be admitted. *State v. Johns, supra,* 301 Or at 549-50.

In the present case, the evidence in question shows defendant's attraction to the victim, which certainly has a bearing on defendant's motive. It also explains why the victim failed to report the rape promptly.[2] The majority has argued that OEC 404(2) forbids introduction of evidence whose "overwhelming probative effect" would be to show defendant's bad character "unless defendant had opened the door by putting his character 'clearly and expressly' in issue." 93 Or App at 222. Neither rule, however, places such a limitation on evidence that is not prohibited in the first place. The trial court properly exercised its discretion.

Because the majority, in reversing this decision, has ignored the plain language of OEC 404(3), the intent of the legislature and established case law, I must respectfully dissent.

---

[2] Sexual abuse cases such as this often involve numerous contacts between the perpetrator and the victim over a long period of time. Evidence such as the majority would suppress here is helpful to explain the seemingly inexplicable crime and failure to report it promptly.